Filed
09 September 28 P7:
Hannah Kunkle
District Clerk
Collin District

CAUSE NO. 417-3738-2009

| | | |
|---|---|---|
| SWAPNA BOJJA | § | IN THE DISTRCT COURT |
| Plaintiff, | § § § | |
| v. | § | COLLIN COUNTY, TEXAS |
| PEROT SYSTEMS CORPORATION | § § | |
| Defendant | § § | 417 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SWAPNA BOJJA, PLAINTIFF, complaining of Perot Systems Corporation, DEFENDANT, and alleges as follows:

1. Plaintiff intends for discovery to be conducted pursuant to a Level 3 discovery control plan.

2. Plaintiff, an individual, is resident of Collin County, Texas. She may be served with process in this matter by serving her attorney in charge, Raul H. Loya, Loya & Associates, 10830 N. Central Expy, Suite 200, Dallas, Texas 75231.

3. Defendant, Perot Systems Corporation is a foreign corporation registered to do business in Texas. It may be served with citation through its registered agent, CT Corporation System, 350 N. St. Paul St, Dallas, Texas 75231.

4. This complaint is filed under Title VII of the Civil Rights of Act of 1964 ("Title VII" or the "Act"); Texas Labor Code Section 21; the Federal FMLA and the common law. This Court has jurisdiction over this matter. Venue is proper in Collin

County as Plaintiff is a resident of Plano, Collin County, Texas and events giving rise to this action occurred in Collin County, Texas.

5. Plaintiff has exhausted all of her administrative remedies and received a right to sue by the Equal Employment Opportunity Commission and the Texas Commission on Human Rights. Within the specified period of time, Plaintiff filed her original petition alleging, *et alius*, discrimination and retaliation.

6. Prior to bringing his action in district court Plaintiff exhausted all of his administrative remedies including disability discrimination and retaliation and medical leave discrimination and retaliation. Exhaustion occurs when an individual files a timely Charge of Discrimination with the EEOC and subsequently receives a statutory notice from the Commission of the right to sue. The Plaintiff was issued a right-to-sue notice, thus confirming that all administrative remedies were exhausted and that he could initiate judicial proceedings. The Plaintiff brought her civil action within ninety days of a party's receipt of a right-to-sue letter in accordance with 42 U.S.C. §2000e-5(f)(1) (2003).

7. Defendant Perot Systems is covered under the Family and Medical Leave Act and American with Disabilities Act, as well as the applicable Texas Labor laws.

8. Plaintiff worked for Defendant for at least 12 months; and had worked at least 1,250 hours during the 12 months prior to the start of the FMLA leave.

9. Plaintiff is a native of India and a legal resident of the United States.

10. On or about September 17, 2008, Plaintiff had announced to Defendant and its human resources department that she was pregnant and would require some medical leave due to her pregnancy.

11. Plaintiff was approved for medical leave on several different occasions: Plaintiff requested medical leave on September 17, 2008 and was approved for short term disability starting from September 17, 2008. Plaintiff was approved for FMLA leave from October 24, 2008. During this time she completed all work assignments, submitted all necessary paperwork and fulfilled all necessary work obligations. During this time she was denied the position of Oracle DBA, for which she was qualified.

12. On or about October 23, 2008, Plaintiff's supervisor, Joseph Vathalloor informed Plaintiff that she was being terminated due to business conditions. The claim by Vathalloor is false.

13. Plaintiff was fired because of her race, pregnancy, and in retaliation for taking medical leave in violation of the FMLA, Title VII, the ADA, the Texas Labor Code and any other federal or state laws that may be applicable.

14. Defendant has discriminated and retaliated against Plaintiff violation of Title VII of the Civil Rights Act, the American with Disabilities Act, Family and Medical Leave Act, the Texas Commission on Human Rights Act, Texas Labor Code, and common law.

15. As a result of the unlawful and improper action of Defendants as described above, Plaintiff has been denied unemployment compensation benefits in an amount within the jurisdictional limits of this court.

**WHEREFORE**, Plaintiff prays that Defendant be cited to appear and answer and that upon final trial, Plaintiff have judgment of this Court.

(a) Grant to Plaintiff a judgment against Defendant for general, compensatory and consequential damages, including pain and suffering;

(b) Grant to Plaintiff a judgment against Defendant for punitive or exemplary damages in a monetary award;

(c) Award to Plaintiff damages against Defendant in compensation for emotional distress, anguish and humiliation suffered by him, loss of his self-esteem and the ability to provide himself with the earned rewards of excellence in his chosen career;

(d) Grant a permanent injunction prohibiting Defendants from slandering and defaming Plaintiff in any way the Court deems proper.

(e) Award to Plaintiff costs, disbursements and reasonable attorney fees; and

(f) Grant to Plaintiff such additional relief as this Court deems just and proper under the circumstances.

(g) Plaintiff demands a jury trial as allowed by statute.

DEMAND FOR JURY TRIAL

Respectfully submitted,

LOYA & ASSOCIATES, P.C.

By: _____
Raul Loya
Texas Bar No. 00791142
10830 N. Central Expressway, Suite 200
Dallas, Texas 75219
Telephone (214) 521-8766
Facsimile (214) 521-8820

**ATTORNEYS FOR PLAINTIFF**